IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:25-CV-00072-M-KS

MARK BROWN,

        Plaintiff,

v.

FRANK J. BISIGNANO,

        Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") prepared by United States Magistrate Kimberly A. Swank. DE 15. Judge Swank "recommends that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings." DE 15 at 1. Judge Swank directed the parties to file any objections on or before June 2, 2026. DE 15 at 13. Neither party has filed objections. Accordingly, the M&R is ripe for consideration.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1) (modification added). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Judge Swank recommends remanding this matter to the Commissioner for further reconsideration because the Administrative Law Juge ("ALJ") erred in two ways. First, the ALJ failed "to evaluate the medical opinions of Dr. Antony and Dr. Rodriguez in accordance with the applicable law and regulations." DE 15 at 7–8. In particular, although the ALJ "determined that Dr. Antony's opinion was not entitled to controlling weight," the ALJ nonetheless "failed to address the length and frequency of the relationship between Dr. Antony and Plaintiff and the nature and extent of the relationship." DE 15 at 10. Likewise, although "the ALJ discounted Dr. Rodriguez's opinion based on inconsistencies in the record," the ALJ did not "cite[] specific portions of record evidence that would enable the court to meaningfully review that assessment of Dr. Rodriguez's opinion." DE 15 at 10. Second, although the ALJ "discredited Plaintiff's statements about his symptoms by pointing to his activities of daily living, such as fishing and yard work," the ALJ "failed to explain how these activities show Plaintiff could perform fulltime work during the period at issue." DE 15 at 12. Judge Swank specifically points to Plaintiff's testimony that "he wanted to fish during the relevant period but could not" and "attempted to trim a bush in his yard once but hurt himself," as inconsistent with the ALJ's finding that those activities indicate lower symptom severity.

Upon careful review of those recommendations and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, this matter is REMANDED to the Commissioner for further consideration.

SO ORDERED this __23__ day of June, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2